THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RANDY W. ARAGON, | ) | Case No. 2:09CV793 DS |
| Plaintiff, | ) | |
| v. | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | **MEMORANDUM** |
| CORPORATION (FDIC), Successor to | | **DECISION** |
| WASHINGTON MUTUAL SAVINGS | ) | |
| BANK (WaMu), J.P. Morgan CHASE, | | |
| purchaser of WaMu from FDIC and JOHN | ) | |
| DOES 1 through 5 | | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. BACKGROUND

On September 25, 2008, the United States Office of Thrift Supervision (OTS) seized

WaMu from Washington Mutual, Inc. and placed it into the receivership of the FDIC. The FDIC

sold the assets and certain liabilities of WaMu to Defendant JPMorgan Chase Bank ("Chase")

that same day pursuant to a written "Purchase and Assumption Agreement." The P&A

Agreement expressly provided that Chase did not assume borrower claims against WaMu arising

prior to September 25, 2008. All of Plaintiff's claims against Chase are based upon alleged

conduct of WaMu prior to the September 25, 2008 P&A Agreement between Chase and the

FDIC, as Receiver of WaMu. Chase has filed this Motion to Dismiss all of Plaintiff's claims for

failure to state a claim for relief under Federal Rules of Civil Procedure 12(b)(6). The court

hereby grants Chase's Motion to Dismiss.

## II. DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true and view in the light most favorable to the non-moving party, all well-pleaded factual allegations, as distinguished from conclusory allegations. *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002). Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "[T]he complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).

Plaintiff makes certain factual allegation of wrong-doing against WaMu, the liabilities for which may pass to its successors and assigns. Plaintiff does not allege that Chase was involved in the wrongdoing, but alleges only that Chase is liable as a successor or assign of WaMu. Chase, on the other hand, argues that it cannot be held liable for the alleged wrongdoing of WaMu because it is not a successor to the liabilities associated with WaMu's loan to Plaintiff. Specifically, Chase argues that when it purchased WaMu's assets from the FDIC Receiver it did not acquire any liabilities from WaMu.

The court agrees with Judge Stewart, who, in an almost identical case to this one, interpreted the same P&A Agreement to mean that Chase is shielded from liability for borrower claims. *Grealish v. Washington Mutual Bank, FA,* 2009 WL 2170044 (D. Utah). Plaintiff argues that Judge Stewart's decision would allow one party to a contract, by agreement with a stranger to the contract, to extinguish the contractual, statutory and constitutional rights of the other party to the contract. This is simply not the case. Chase points out, and the court agrees, that the

"P&A Agreement expressly provides that Chase did not assume borrower claims against WaMu arising prior to September 25, 2008.  Liability for borrower claims remained with the FDIC-Receiver.  Consequently, any existing claims that plaintiff may properly assert under its loan contract should be pursued with the FDIC-Receiver and not against Chase"  (Reply Memo at p. 2).   Plaintiff's rights under the contract were not extinguished; they are simply not enforceable against Chase.

Chase cites abundant case law in support of its position.  *See, e.g., West Park Assoc. v. Butterfield Sav. & Loan Assn'n*, 60 F.3d 1452, 1458 (9th Cir. 1995) (under purchase-and-assumption agreement, "[a]ny claims by Appellants that are in connection with' their ownership of stock in BEC must be brought against FDIC-Receiver and not against New BSL"); *First Ind. Fed. Sav. Bank v. FDIC*, 964 F.2d 50,3 506-07 (5th Cir. 1992)(under acquisition agreement, "[t]he unsecured liabilities of Old United, accrued as of the date of the transfer, were neither assigned to nor assumed by New United. The FSLIC retained all claims, demands, and causes of action of general unsecured creditors of Old United . . . Because New United did not acquire any unsecured liabilities under the acquisition agreement, First Indiana's only recourse was to seek relief against the FDIC as receiver for Old United."); *Vernon v. RTC,* 907 F.2d 1101, 1109 (11th Cir. 1990) ("We hold that as a matter of law, under the terms of the Acquisition Agreement between the FSLIC and New Freedom, New Freedom is free of any liability to Old Freedom stockholders for any claims related to their stock holdings."); *Pernie Bailey Drilling Co. v. FDIC*, 905 F.2d 78,80 (5th Cir. 1990) ("After assignment [via purchase-and-assumption agreement], NCNB became the proper party to sue on the notes, but even so, FDIC is entitled to defend a claim of rescission . . . . [T]he FDIC remained the proper party to defend all claims for

3

damages against the closed bank."); *Huntington Towers, Ltd. v. Franklin Nat'l Bank*, 559 F.2d 863, 869 (2d Cir. 1977) (under purchase-and-assumption agreement Federal Reserve Bank released a lien to the FDIC and FDIC, not the Federal Reserve Bank, was the proper party potentially liable for plaintiff's claim).

Plaintiff's second argument, that a forced non-judicial foreclosure sale does not terminate Plaintiff's right of rescission is equally without merit. Plaintiff states, without citing to any legal authority, that for the court to find that a forced sale cuts off Plaintiff's right is the same as taking away his rescission rights. Chase notes that TILA does not contemplate an unlimited right of rescission and there are multiple circumstances that cut off that right.

The First Circuit affirmed that foreclosure sales terminate the right of rescission in *R.G. Financial Corp. v. Veragara-Nunez,* 446 F.3d 178 (1st Cir. 2006). Although the court in *R.G. Financial* did base its decision in part on *res judicata,* the respondent pled TILA rescission claims in the alternative that the court had to also address. In the context of those claims, the court stated that the "foreclosure judgment precludes [respondent] . . . from asserting a TILA-based right of rescission." *Id.* At 188; *see also, Hallas v. Ameriquest Mortgage Co.,* 406 F.Supp.2d 1176, 1183 (D. Or. 2005) (stating that the foreclosure sale of plaintiff's property terminated her right of rescission under § 1635(f)). The court finds that in this case, all of plaintiff's interest in the property was transferred at the time of the July 9, 2009 foreclosure sale, extinguishing any possible rescission right.

Plaintiff's rescission claim also fails because Plaintiff's loan qualifies as a "residential mortgage transaction" under TILA. Section 1635(e)(1) expressly exempts these types of transactions from the right of rescission. Plaintiff tries to get around the express provision of

Section 1635(e)(1) by alleging that a separate and independent right of rescission somehow arises under § 1635(i) that is not limited by the foregoing exemption. Section 1635, however, has been consistently interpreted to mean that the right of rescission has no application to a loan to "finance the acquisition or initial construction" of a dwelling. 15 U.S.C. § 1602(w) (defining "residential mortgage transaction" as used in TILA); § 1635(e)(1) (stating that the right of rescission does not apply to a residential mortgage transaction). In a case almost identical to the instant matter, Judge Stewart rejected the same argument that plaintiff makes with respect to the 1635(i) right of rescission:

> Plaintiff argues that her right to rescind arises under 15 U.S.C. § 1635(i), which provides for a right of rescission in foreclosure actions under certain circumstances. However, this provision does not apply because the right of rescission contained in 15 U.S.C. § 1635–which necessarily includes § 1635(i)– does not apply to "residential mortgage transactions.

*Ramos v. Countrywide Bank, FSB,* 2009 WL 3584327, *3 (D. Utah).

### III. CONCLUSION

Based on the foregoing, all of Plaintiff's claims against Chase are hereby dismissed, as a matter of law and on the merits, pursuant to Fed. R.Civ. Pro. 12(b)(6).

SO ORDERED.

DATED this 28th day of January , 2010.

BY THE COURT

_David Sam_

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT